UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY E. RHYNE,<br><br>  Petitioner,<br><br>vs.<br><br>E.K. McDANIEL, *et al.*,<br><br>  Respondents. | 3:06-CV-00082-LRH-VPC<br><br>**ORDER** |

On May 10, 2007, this court entered an order (docket #45) denying Rhyne's motion for leave to conduct discovery (docket #37) in this capital habeas action. In doing so, the court concluded that Rhyne had failed to establish good cause under *Bracy*[1] for some of his proposed discovery requests. For other requests for which Rhyne was able to establish good cause under *Bracy*, the court denied discovery because Rhyne has yet to exhaust state court remedies for the underlying habeas claims. Arguing that the court's analyses and conclusions were erroneous, Rhyne has filed a motion asking the court to reconsider its denial of his motion for leave to conduct discovery. Docket #46.

A district court may rescind, reconsider, or amend a previous order pursuant to its inherent power to modify interlocutory orders before entry of final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001). That power is derived from the common law, not from the Federal Rules of Civil Procedure. *Id.* Thus, the respondents'

---

[1] *Bracy v. Gramley*, 520 U.S. 899 (1997).

contention that Rhyne's motion for reconsideration is not authorized under the Federal Rules is unavailing. Even so, the court has considered Rhyne's arguments in support of reconsideration and, for reasons set forth below, has found that none of them warrants modification of the May 10, 2007, order.[2]

With respect to the court's conclusions regarding "good cause" for leave to conduct discovery, Rhyne's motion for reconsideration takes issue with the court's denial of discovery relating to claims that his attorneys were subject to conflicts of interest and that the State failed to disclose evidence relating to whether the tennis shoes he was wearing on the night of the murder were the source of marks found on the victim's face. Rhyne argues that the court misconstrued the *Bracy* standard in its analysis of his discovery requests. Specifically, he claims that this court erroneously required him to set forth a *prima facie* case for relief in order to obtain discovery. A review the May 10, 2007, order reveals that this argument is misguided.

In setting forth the standards governing its consideration of Rhyne's motion for leave to conduct discovery, this court stated that a habeas petitioner "is not necessarily required to plead specific facts entitling him to habeas relief *prior* to obtaining leave to conduct discovery" and that a petitioner "may be able to establish 'good cause' for discovery even though he posits only a plausible 'theory' for relief." Docket #45, p. 5 (citation omitted). In adjudging Rhyne's request to conduct discovery, the court was fully aware that a habeas petitioner is not required to fully explicate the grounds upon which he is entitled to relief in order to obtain leave to conduct discovery. The petitioner must, however, place "specific allegations before the court" showing "reason to believe" that, with aid of discovery, he may be able to demonstrate he is entitled to relief. *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

---

[2] In his reply to the respondents' opposition to reconsideration (docket #50), Rhyne raises for the first time additional challenges to the court's order of May 10, 2007. To the extent that they are beyond the scope of his initial motion for reconsideration, those points are not properly before the court. *See U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006).

1    It was Rhyne's failure to meet this standard, not the application of an erroneous standard, that
2 caused the court to deny leave for discovery in relation to Rhyne's conflict of interest claims and his
3 claims premised on the State's alleged failure to disclose shoe evidence.  The court's order of May
4 10, 2007, explains in detail the shortcomings in Rhyne's requests to conduct discovery in these two
5 areas.  Nothing contained in Rhyne's motion for reconsideration causes the court to deviate from its
6 previous conclusion that he has not shown "good cause" under *Bracy* with respect to either set of
7 claims.

8    In seeking reconsideration of his request to conduct discovery in support of his conflict of
9 interest claims, Rhyne relies heavily on the Nevada Rules of Professional Conduct, which are
10 patterned after the American Bar Association's Model Rules.  The standards of professional conduct
11 governing attorneys, as set forth in state codes or the ABA's Model Rules, do not necessarily define
12 the contours of effective assistance of counsel under the Sixth Amendment.  *See Nix v. Whiteside*,
13 475 U.S. 157, 165 (1986).  The standards are even less helpful where the Sixth Amendment
14 ineffectiveness claim is premised on an alleged conflict of interest.  *See McClure v. Thompson*, 323
15 F.3d 1233, 1248 (9th 2003).

16    As noted in the order of May 10, 2007, a habeas petitioner seeking relief under the "conflict
17 of interest" doctrine must establish that an actual (as opposed to potential) conflict of interest
18 adversely affected counsel's performance.  Docket #45, p. 6-7 (citing *Mickens v. Taylor*, 535 U.S.
19 162, 172 (2002)).  More specifically, the petitioner "must demonstrate that his attorney made a
20 choice between possible alternative courses of action that impermissibly favored an interest in
21 competition with those of the [petitioner]."  *McClure*, 323 F.3d at1248.  Thus, the habeas inquiry
22 focuses on the attorney's actual performance, not whether there was a potential conflict of interest
23 that implicates the standards of professional conduct.

24    In his motion for reconsideration, Rhyne posits a few theories as to how counsel's
25 performance may have been impacted by counsel's involvement with two potential witnesses, Floyd
26

3

1  Allen and Christopher Brodhecker.  However, each of these theories was advanced in his original
2  motion requesting leave to conduct discovery.  The court addressed each of them in the May 10,
3  2007, order and found that none of them warranted discovery because the theory was either
4  incredible, too speculative, or refuted by the record.

5       Rhyne also claims that counsel's representation may have been adversely affected by
6  counsel's *simultaneous* representation of Robert Stepper, another potential witness.  One of the
7  reasons the court found a lack of good cause for discovery relating to Stepper was that Rhyne's
8  initial discovery motion indicated that counsel's representation of Stepper concluded several months
9  prior to counsel's appointment in Rhyne's case.  See docket #45, p. 8; docket #37, p. 13-15.
10 Although Rhyne now claims that counsel represented both parties concurrently, the only supporting
11 evidence he offers (a declaration from Stepper dated February 7, 2006 (i.e., Docket #3, Exhibit 6.5))
12 contains no facts that substantiate his revised allegation.  Thus, Rhyne has not shown that the court
13 erred in denying discovery in relation to an alleged conflict of interest arising from counsel's
14 representation of Stepper.

15      As for allowing discovery relating to Rhyne's claim that the state failed to disclose shoe
16 evidence, Rhyne's arguments are based on a vague assertion that the State has or had in its
17 possession an expert report showing that marks on the victim's face could have been caused by a
18 brand of tennis shoe other than the one Rhyne was wearing on the night of the murder.  For reasons
19 explained in the May 10, 2007, order, this assertion is undermined by several factors, including the
20 paucity of available evidence indicating the particular brand of tennis shoe Rhyne was wearing.  The
21 arguments Rhyne uses to support his motion for reconsideration make even less clear the theory of
22 relief he is relying upon to justify discovery in this area.  In short, Rhyne has not convinced the court
23 that the discovery he requests would be anything other than a "fishing expedition" in search of a
24 habeas claim.  *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999).

1    In arguing that exhaustion is not a prerequisite for discovery in a habeas proceeding, Rhyne
2 notes that the Court in *Bracy* did not suggest that procedural barriers to granting relief are a
3 component of the "good cause" analysis.  Although *Bracy* is silent on the issue, several Ninth Circuit
4 cases support the notion that lack of exhaustion is a factor the district court should consider in
5 deciding whether to allow discovery.  *See Sherman v. McDaniel*, 333 F.Supp.2d 960, 967-69 (D.
6 Nev. 2004) (discussing habeas cases in which the Ninth Circuit mentioned lack of exhaustion as an
7 impediment to discovery).  The court's order of May 10, 2007, explains why Rhyne's failure to
8 exhaust weighs in favor of denying discovery at this point in the proceedings.

9    Lastly, Rhyne expresses grave concern that the court's denial of his request to conduct
10 discovery relating to the State's alleged mishandling of forensic evidence will prevent him from
11 developing some of his most promising claims, including his claim of actual innocence.  However,
12 the court's order of May 10, 2007, does not foreclose Rhyne from obtaining the material he seeks.
13 Instead, the court's order merely requires him to pursue available avenues for discovery in state court
14 before being allowed to conduct discovery in this proceeding.

15    **IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration (docket #46)
16 is DENIED.

17    **IT IS FURTHER ORDERED** that the schedule for further proceedings set forth in the
18 court's Second Scheduling Order (docket #33) shall remain in effect.

19    DATED this 14th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE