1

2

3

4

5                        **UNITED STATES DISTRICT COURT**
                               **DISTRICT OF NEVADA**
6

7
   KELLY E. RHYNE,                              )
8                                               )
                     Petitioner,                )        3:06-CV-00082-LRH-VPC
9                                               )
   vs.                                          )
10                                              )        <u>**ORDER**</u>
   E.K. McDANIEL, *et al.*,                     )
11                                              )
                     Respondents.               )
12                                              )
   _____ /
13

14        Presently before the court is petitioner Kelly E. Rhyne's motion for stay and abeyance

15   (docket #57), respondents' motion to dismiss petition for writ of habeas corpus (docket #61),[1] and

16   respondents' motion to extend time to file their reply to Rhyne's opposition to respondents' motion

17   to dismiss (docket #78).[2]  Rhyne's motion for stay and abeyance is fully briefed.  Respondents have

18   asked to hold off filing their reply in support of their motion to dismiss on the ground that this

19   court's ruling on Rhyne's motion for stay and abeyance may render moot the motion to dismiss.

20        **I.       Background**

21        On May 1, 2000, pursuant to jury verdicts, the Fourth Judicial District Court for Nevada

22   entered a judgment convicting Rhyne of first degree murder and conspiracy to commit murder and

23   _____

24        [1]  In conjunction with their motion to dismiss, respondents filed a motion for leave to file excess
     pages (docket #62), which shall be granted *nunc pro tunc* as of December 14, 2007, the date both
25   motions were filed.

26        [2]  In conjunction with their motion to extend time, respondents filed a motion to make a late
     filing (docket #77), which shall be granted *nunc pro tunc* as of May 12, 2008, the date both motions
     were filed.

1    sentencing him to death.  The jury imposed the death sentence after finding that the three aggravating

2    circumstances alleged and proved by the state (torture or mutilation, a prior conviction for battery by

3    a prisoner, and a prior conviction for attempted assault with a deadly weapon) were not outweighed

4    by mitigating circumstances (murder committed under extreme mental or emotional disturbance and

5    Rhyne's serious mental disorder).

6         Rhyne appealed the conviction and sentence.  On January 16, 2002, the Nevada Supreme

7    Court issued an opinion affirming the lower court's judgment.  In an order entered March 6, 2002,

8    the court denied rehearing.

9         On November 13, 2002, Rhyne filed a petition for writ of habeas corpus in the Fourth

10   Judicial District Court for Nevada.  On April 20-21, 2004, the state district court held an evidentiary

11   hearing on the petition and then, on July 7, 2004, entered an order denying relief.  Rhyne appealed.

12        On April 8, 2005, the Nevada Supreme Court remanded the case to allow the state district

13   court to provide specific findings of fact and conclusions of law supporting its denial of relief.  On

14   July 26, 2005, the state supreme court affirmed the lower court's amended order denying relief.  On

15   February 13, 2006, Rhyne filed the petition that initiated this action.  On August 31, 2007, he filed an

16   amended petition containing twenty-two claims for relief.

17              **II.    Discussion**

18                   A.    *Stay and Abeyance*

19        Rhyne requests that this court stay and hold in abeyance his federal habeas proceedings while

20   he returns to state court to exhaust his remedies for his currently unexhausted claims.  He asserts that

21   stay and abeyance is warranted in order to allow him to pursue exhaustion in state court without

22   being time-barred under 28 U.S.C. § 2244(d) when he returns to this court post-exhaustion.  In

23   *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, to prevent petitioners from

24   "forever losing their opportunity for any federal review of their unexhausted claims," a district court

25   has discretion to stay a mixed petition (i.e., a petition containing both exhausted and unexhausted

26

1   claims).  *Id* at 275.  The Court also held, however, that that discretion is limited by AEDPA's[3] twin

2   purposes: "reduc[ing] delays in the execution of state and federal criminal sentences" and

3   encouraging state "petitioners to seek relief from state courts in the first instance." *Id.* at 276 (internal

4   quotation marks omitted).  Thus, the Court concluded that stay-and-abeyance is appropriate only

5   when the district court determines that there was "good cause" for the petitioner's failure to exhaust

6   his claims and is improper when the unexhausted claims are "plainly meritless" or where the

7   petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*. at 277-78.

8        Accordingly, *Rhines* provides broad guidance as to how the district court is to treat a habeas

9   petition containing unexhausted claims.  First, "it likely would be an abuse of discretion for a district

10  court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to

11  exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

12  petitioner engaged in intentionally dilatory litigation tactics." *Id* at 278.  Second, where the

13  foregoing requirements for a stay are not met, "the court should allow the petitioner to delete the

14  unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition

15  would unreasonably impair the petitioner's right to obtain federal relief." *Id*.

16       As an initial matter, respondents note that they argue in their motion to dismiss that *all* of the

17  claims in Rhyne's amended petition are unexhausted.  Accordingly, they contend that stay and

18  abeyance under *Rhines* is not available because Rhyne has presented a fully unexhausted, as opposed

19  to a mixed, petition.

20       In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court held that, to avoid running

21  the risk of finding out too late that his state proceeding did not toll the one-year statute of limitations

22  under § 2244(d)(2), a petitioner could "fil[e] a 'protective' petition in federal court and ask[] the

23  federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."

24  544 U.S. at 416 (citing *Rhines*).  By not indicating that this tactic is only available if the "protective"

25

26       [3]  The Antiterrorism and Effective Death Penalty Act of 1996.

1  petition is also a "mixed" petition, the Court implies that stay and abeyance is available irrespective

2  of whether any of the petitioner's claims have been exhausted.  In the absence of a more definitive

3  statement, however, this court is bound by a Ninth Circuit decision issued subsequent to both *Rhines*

4  and *Pace*.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  In *Rasberry*, the court of

5  appeals expressly declined to extend the rule in *Rhines* to petitions containing only unexhausted

6  claims.  *Id*.  Thus, before conducting the *Rhines* analysis, this court must determine whether Rhyne's

7  amended petition contains at least one exhausted claim.

8        Claim One of the amended petition is, by Rhyne's own admission, unexhausted.  The same is

9  not true for Claim Two, however.  In Claim Two, Rhyne contends that his Sixth, Eighth, and

10  Fourteenth Amendment rights were violated because he was incompetent during his capital murder

11  trial.  Rhyne fairly presented this claim to the Nevada Supreme Court in his opening brief when he

12  appealed the denial of his state habeas corpus petition.  Docket #63, exhibit 28, p. 11-19.  As a result,

13  Claim Two is exhausted.  *See Picard v. Connor*, 404 U.S. 270, 276 (1971).

14        Having found that Rhyne has filed a "mixed petition," the remaining questions that must be

15  answered before a stay is granted are (1) whether he can show good cause for not having exhausted

16  his unexhausted claims in state court, (2) whether any of the claims he seeks to exhaust are

17  potentially meritorious, and (3) whether he has engaged in abusive litigation tactics or intentional

18  delay.  Nowhere in *Rhines* does the Court state or suggest that every unexhausted claim in the

19  petition must satisfy, individually, the "good cause" and "potentially meritorious" requirements

20  before a stay will be permitted.  Arguably, a stay is warranted under *Rhines* as long as at least one of

21  the unexhausted claims has potential merit and the petitioner can demonstrate good cause for not

22  exhausting his state court remedies for that claim prior to filing his federal petition.  Indeed, the

23  rationale for permitting a stay would apply with more force to a petition in which only one of the

24  unexhausted claims meets the *Rhines* requirements, but is clearly meritorious, than it would to a

25

26

4

1   petition in which all of the unexhausted claims meet the *Rhines* requirements, but none are more than

2   potentially meritorious.

3        Likewise, in most cases, there is little point to selecting out the particular claims for which

4   the petitioner will be entitled to a stay and those for which he is not.  That is, the court is not inclined

5   to limit petitioner's stay to allow exhaustion of only those claims that specifically meet the *Rhines*

6   requirements.  Perhaps, there will be instances where the inclusion of plainly meritless claims runs

7   the risk of unduly prolonging the state court exhaustion proceedings.  In the absence of any

8   indication that will be the case, however, the federal court should not dictate which claims the

9   petitioner is permitted to raise in his return to state court.

10       Rhyne asserts that he meets *Rhines*'s good cause requirement because he received ineffective

11  assistance of counsel throughout his state court proceedings and because the State failed to disclose

12  exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  *Rhines* does not go

13  into detail as to what constitutes good cause for failure to exhaust; and, the Ninth Circuit has

14  provided no clear guidance beyond holding that the test is less stringent than an "extraordinary

15  circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (citing *NLRB v. Zeno*

16  *Table Co.*, 610 F.2d 567, 569 (9th Cir. 1979)).  Many district courts have concluded that the standard

17  is more generous than the showing needed for "cause" to excuse a procedural default. *See*, *e.g.*,

18  *Rhines v. Weber*, 408 F.Supp.2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on

19  remand).  This view finds support in *Pace*, where the Supreme Court acknowledged that a

20  petitioner's "reasonable confusion" about the timeliness of his federal petition would generally

21  constitute good cause for his failure to exhaust state remedies before filing his federal petition.  544

22  U.S. at 416-17.

23       Even under the more lenient standard suggested by *Pace*, Rhyne's attempt to fault his state

24  court counsel for his failure to exhaust is problematic.  The alleged deficiencies in the performance

25  of his trial counsel and counsel on direct appeal do not constitute good cause because Rhyne still had

26

1   an opportunity to raise his unexhausted claims in his state post-conviction proceeding.  Rhyne's

2   claim that post-conviction counsel was responsible for his failure to exhaust consists of nothing more

3   than a bare allegation that counsel failed to investigate and raise claims.  Without additional facts or

4   information, this is insufficient to satisfy *Rhines*'s good cause requirement.

5       More compelling, however, is Rhyne's argument that he was unable to exhaust state court

6   remedies for some of his claims because the State withheld *Brady* evidence (in particular, witness

7   reports, results from tests conducted on a tennis shoe,[4] police reports, and investigative reports

8   concerning trial counsel's subornation of perjury), as well as yet to be disclosed evidence (autopsy

9   photographs) that is potentially exculpatory.  Relying on *Banks v. Dretke*, 540 U.S. 668 (2004),

10  Rhyne argues that the state's suppression of this evidence provides good cause to excuse his failure

11  to present some of his unexhausted claims in state court.  Although *Banks* addressed the cause issue

12  in a slightly different context (i.e., to decide whether petitioner was entitled to present evidence in

13  federal court that he had failed to present in state court), the case is persuasive for the purposes of the

14  present *Rhines* inquiry.  As such, the court concludes that Rhyne has shown good cause sufficient to

15  excuse his failure to exhaust claims in state court.

16      With respect to the "potentially meritorious" inquiry, the standard should approximate the

17  standard that applies when the court decides whether to deny an unexhausted claim under 28 U.S.C.

18  § 2254(b)(2).  *See Rhines*, 544 U.S. at 277.  In both instances, the objective is to preserve the

19  principle of comity while preventing the waste of state and federal resources that occurs when a

20  petitioner is sent back to state court to litigate a clearly hopeless claim.  *Cf. Cassett v. Stewart*, 406

21  F.3d 614, 624 (9th Cir. 2005).  Thus, Rhyne should not be prevented from returning to state court

22  unless "it is perfectly clear that [he] does not raise even a colorable federal claim." *Id*.

23  _____

24      [4] According to the Nevada Supreme Court's opinion affirming Rhyne's conviction and sentence
    on direct appeal, Rhyne was wearing tennis shoes on the night of the murder and "the 'ladder-like' marks
25  on [the victim's] face . . . were suggestive of a pattern from the sole of a tennis shoe." *Rhyne v. State*,
    118 Nev. 1, 5-6, 38 P.3d 163, 166 (2002).

26

1    Having reviewed the claims that Rhyne admits are unexhausted, this court finds that at least

2  one of them, if taken as true, arguably presents a meritorious challenge to his conviction or sentence.

3  In Claim Five, Rhyne contends, among other things, that the state failed to disclose material evidence

4  that would have undermined the credibility of a co-defendant who ultimately testified against Rhyne

5  and that the state knowingly offered false or misleading testimony and evidence.  Claim Five

6  contains factual allegations sufficient to raise colorable grounds for relief under *Brady v. Maryland*,

7  373 U.S. 83 (1963) and *Napue v. Illinois*, 360 U.S. 264 (1959).  Because the claim provides Rhyne

8  with at least some chance of habeas relief, Claim Five satisfies the "potentially meritorious" standard

9  in *Rhines*.

10    In summary, Rhyne had good cause for his failure to exhaust potentially meritorious habeas

11  claims in state court.  In addition, the court finds that there is nothing in the record to indicate that

12  Rhyne has engaged in "intentionally dilatory litigation tactics" either in pursuing his claims in the

13  state courts or in this court.  *Rhines*, 544 U.S. at 277.  Thus, Rhyne's request for a stay and abeyance

14  shall be granted.

15                          B.       *Remaining Motions*

16    Having found that a stay and abeyance is appropriate in this case, the court shall deny

17  respondents' motion to dismiss petition for writ of habeas corpus (docket #61) without prejudice.  If

18  Rhyne fails to obtain the relief he seeks in state court, respondents shall be free to renew the motion

19  upon Rhyne's return to this court.  Finally, respondents' motion to extend time to file their reply to

20  Rhyne's opposition to respondents' motion to dismiss (docket #78) shall be denied as moot.

21    **IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (docket

22  #57) is GRANTED.  This federal habeas proceeding is STAYED and further proceedings shall be

23  held in ABEYANCE pending petitioner's exhaustion of state court remedies.

24

25

26

7

1    **IT IS FURTHER ORDERED** that respondents' motion for leave to file excess pages

2  (docket #62) is GRANTED *nunc pro tunc* as of December 14, 2007; and respondents' motion to

3  make a late filing (docket #77) is GRANTED *nunc pro tunc* as of May 12, 2008.

4    **IT IS FURTHER ORDERED** that respondents' motion to dismiss petition for writ of

5  habeas corpus (docket #61) is DENIED without prejudice.  Respondents' motion to extend time to

6  file their reply to petitioner's opposition to the motion to dismiss (docket #78) is DENIED as moot.

7    **IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45)** days from the date

8  this order is entered within which to commence an appropriate state court proceeding.  Petitioner's

9  counsel shall seek appointment as counsel for petitioner in the state court proceeding.

10    **IT IS FURTHER ORDERED** that petitioner shall file a status report describing the status

11  of his state court litigation on or before December 15, 2008, and then every six months thereafter

12  (June 15, 2009; December 15, 2009; etc.) during the stay of this action.

13    **IT IS FURTHER ORDERED** that, following the conclusion of petitioner's state court

14  proceedings, petitioner shall, within **thirty (30) days**, make a motion to lift the stay.

15    **IT IS FURTHER ORDERED** that this action shall be subject to dismissal upon a

16  motion by respondents if petitioner does not comply with the time limits in this order, or if he

17  otherwise fails to proceed with due diligence, during the stay imposed pursuant to this order.

18    **IT IS FURTHER ORDERED** that, absent extraordinary circumstances, this will be

19  the final opportunity petitioner shall be permitted to return to state court to exhaust claims for habeas

20  corpus relief.

21    DATED this 21ˢᵗ day of May, 2008.

22

23    _____

24    LARRY R. HICKS
       UNITED STATES DISTRICT JUDGE

25

26

8